UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHERRYANNE HINDS-WILLIAMS, )
)
Petitioner, )
)
v. ) C.A. No. 04-11295-DPW
)
INS, )
)
Respondent. )

MEMORANDUM AND ORDER

For the reasons stated below, the petitioner is directed to demonstrate good cause why this action should not be dismissed.

BACKGROUND

On June 14, 2004, counsel for petitioner Cherryanne Hinds-Williams filed a petition for a writ of habeas corpus. Within the petition, Hinds-Williams seeks a hearing, a stay of removal, and a "dismissal of all INS proceedings." Hinds-Williams, a native of Barbados, appears to claim that her I-130 visa has been revoked, and she challenges the reasons for its revocation. Petition, ¶¶ 1-7.

ANALYSIS

I. The Court May Screen The Petition

Although Hinds-Williams brings this petition under Section 2241, the rules governing Section 2254 cases may be applied at the discretion of the district court to other habeas petitions. See Rule 1(b) of the Rules Governing Habeas Corpus Proceedings Under Section 2254; Perez v. Hemingway, 157 F. Supp. 2d 790, 795 (E.D. Mich. 2001).

Under Rule 4(b), the Court is required to examine a petition, and if it "plainly

appears from the face of the motion. . . that the movant is not entitled to relief in the district court," the Court "shall make an order for its summary dismissal." Rule 4(b); McFarland v. Scott, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face). A petition for a writ of habeas corpus may also be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law. 28 U.S.C. § 2243; Marmol v. Dubois, 885 F. Supp. 444, 446 (D. Mass. 1994)

II. The Petition Does Not State A Basis for Subject-Matter Jurisdiction

Federal courts are always under an independent obligation to examine their own jurisdiction, and must not entertain a habeas petition over which it has no jurisdiction. See Gonzalez v. United States, 150 F. Supp. 2d 236, 240 (D. Mass. 2001) (citing Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000)).

A. The Petition Does Not State Whether Petitioner Is "In Custody"

A Section 2241 petition is properly brought in the district court with jurisdiction over the prisoner's custodian because a writ of habeas corpus must be "directed to the person having custody of the person detained." 28 U.S.C. § 2243; § 2241(c)(3) (writ of habeas corpus shall not extend to a prisoner unless he is "in custody" in violation of the Constitution or laws or treaties of the United States). Cf. Vasquez v. Reno, 233 F.3d 688, 690 (1st Cir. 2000), cert. denied, sub nom. Vasquez v. Ashcroft, 122 S. Ct. 43 (2001) (court issuing the writ must have personal jurisdiction over the person who holds the petitioner in custody); accord Gonzalez, 150 F. Supp. 2d at 240. Personal jurisdiction over a custodian requires "the presence of the custodian within the territorial confines of the district court." United States v. DiRusso, 535 F.2d 673, 676 (1st Cir. 1976).

Here, the petition provides absolutely no allegations concerning where Hinds-Williams is currently located or even if she is currently being physically detained. Although a habeas petitioner may be deemed to be "in custody" in certain circumstances when not in actual physical custody, see, e.g., Omosefunmi v. Attorney General of Com. of Massachusetts, 152 F. Supp. 2d 42, 53 (D. Mass. 2001) (petitioner, living at home, was "in custody" where INS was "actively attempting" to deport petitioner), the petition contains no allegations indicating that such circumstances exist. Cf. Roldan v. Racette, 984 F.2d 85, 87 (2d Cir. 1993) (gathering cases; majority view that mere issuance of a detainer that future INS custody will be sought at the conclusion of a prisoner's pending confinement does not result in present confinement by the INS). Thus, given the limited allegations of the petition, this Court cannot determine whether it has jurisdiction over the petition.[1]

B. District Courts May Not Review the Substance of BIA Decisions

This Court has jurisdiction to review habeas corpus petitions from immigration detainees raising constitutional and statutory claims, Goncalves v. Reno, 144 F.3d 110, 113 (1st Cir. 1998) (pure issues of law may be raised in habeas). Cf. Sousa v. Reno, 135 F. Supp. 2d 75, 78 (D. Mass. 2001) ("zipper clause of § 1252(b)(9) channels review of removal proceedings exclusively in the court of appeals). A district court may review a refusal by the Bureau of Immigration and Customs Enforcement ("BICE") to even consider

---

[1]The petition also lists Immigration and Naturalization Service ("INS") as respondent. The INS has ceased to exist as a federal agency, and the responsibility for detaining and removing immigration detainees currently resides with the Bureau of Immigration and Customs Enforcement ("BICE"). See Nma v. Ridge, 286 F. Supp. 2d 469, 470 n. 1 (E.D. Pa. 2003) (BICE, a subordinate agency within the Department of Homeland Security has assumed the enforcement functions of the former INS).

an alien for a form of statutory relief, but an alien may not challenge through a habeas petition the agency's decision to exercise or not exercise its discretion. St. Fort v. Ashcroft, 329 F.3d 191, 203 (1st Cir. 2003).

Here, absolutely no constitutional or statutory claims are apparent from the face of the petition. Rather, it appears that petitioner is seeking substantive review of BICE's decision to revoke her visa, rather than review of any alleged failure to consider her for relief mandated by statute. Such substantive review is not within the purview of habeas jurisdiction. Carranza v. INS, 277 F.3d 65, 71 (1st Cir.2002) (habeas jurisdiction exists to determine whether an alien is eligible to be considered for a particular discretionary form of relief but does not exist to review the discretionary component of the administrative decision whether to grant relief) accord Lopez v. Ashcroft, 267 F. Supp. 2d 150, 153 (D. Mass. 2003) (no habeas review of denial of motion to reopen).

III. No Basis For Injunctive Relief Is Alleged

For the reasons stated above, I am unable to determine that petitioner has a sufficient likelihood of success in prevailing on the merits such that an ex parte temporary restraining order should issue, and thus I deny petitioner such relief at this time. American-Arab Anti-Discrimination Comm. v. Ashcroft, 241 F. Supp. 2d 1111, 1113 (C.D. Cal. 2003) (denying TRO for failure to demonstrate likelihood of success on the merits; existence of a pending application for lawful status does not confer a right to stay or to defer removal); see Arevalo v. Ashcroft, 344 F.3d 1, 9 (1st Cir. 2003) (conventional preliminary injunction test applies to requests for stays of deportation).

CONCLUSION

ACCORDINGLY, petitioner is directed to demonstrate good cause, within 35 days of the date of this Memorandum and Order why this action should not dismissed.

SO ORDERED.

Dated at Boston, Massachusetts, this ___16th____ day of _June______, 2004.

s/ Douglas P. Woodlock__________
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE