UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE
2004 JUL 21 P 3: 56
U.S. DISTRICT COURT
DISTRICT OF MASS

CHERRYANNE HINDS-WILLIAMS,
    Petitioner

v.

INS,
    Respondent

C.A. #04-11295-DPW

PETITIONER'S RESPONSE TO MEMORANDUM AND ORDER

Petitioner asserts, respectfully to this Honorable Court, that this action should not be dismissed.

Petitioner, a Trinidadian national, has been ordered deported from the United States by the Immigration and Naturalization Service. For reasons stated in previous pleadings, which we are certain this Honorable Court has examined, we believe the INS order to be grossly unfair. The Board of Immigration of Appeals is the resource available to a petitioner when an INS judge orders removal. Unfortunately for the petitioner, her timely appeal with the Board of Immigration Appeals was denied. She has exhausted all recourse with the Immigration and Naturalization Service.

As the Court appropriately pointed out in its memorandum, discretion in hearing a habeas petition rests with the Court and the Court may screen such a petition.

Although the petition does not state whether or not the petitioner is in custody, she has been ordered removed from the United States by a governmental agency that is in fact "within the territorial confines of the district court". UNITED STATES V. DIRUSSO, 535 F.2d 673, 676(1st Cir. 1976). Hinds-Williams is living with her family in the Dorchester neighborhood of Boston. With an open removal order in place, she is in a situation analogous to an individual with an outstanding arrest warrant. Her only recourse against federal agents coming to her home and placing her into custody(with the eventuality of being deported) would be some kind of prophylactic decision or order from this court. She is, in effect, "in custody" without being in actual physical custody. This situation is almost exactly like OMOSEFUNMI V. ATTORNEYGENERAL OF COM. OF MASSACHUSETTS, 152 F.Supp. 2d 42, 53(D. Mass. 2001). As long as an active removal is in place, the government is, in effect, "actively attempting" to deport petitioner.

The facts stated here, when coupled with the facts contained in the previous petition, we would assert gives this Court ample justification to reach a determination of having personal jurisdiction.

Additionally, this petition and the facts upon which it is based raises serious constitutional issues. The petitioner lost her liberty on an allegation by an embittered ex-husband. She was never provided with any opportunity to confront her accuser or submit evidence on her behalf. That is due to the Catch-22 situation that her ex-husband's allegation of fraudulent marriage created. Her I-130 status was simply cancelled without a hearing based on these allegations. That is what made her removable. When petitioner tried to raise these issues before Judge Straus in Immigration Court, she was precluded

from doing so because, based on her new found illegal status, she was now removable. There is a constitutional flaw in a system that allows a legal status to be, essentially, retroactively removed due to unproven allegations that petitioner is foreclosed from responding to. Due to the unconstitutional nature of what petitioner experienced, petitioner is raising a constitutional claim. This Court has jurisdiction to review habeas corpus petitions from immigration detainees raising constitutional and statutory claims. GONCALVES V. RENO, 144 F. 3d 110, 113(1st Cir. 1998).

This case differs radically from ARAB ANTI-DISCRIMINATION COMM. V. ASHCROFT, 241 F. Supp. 2d 1111, 1113(C.D. Cal. 2003) due to the fact that it involved pending application for lawful status whereas the instant case involves an individual who had lawful status only to have it taken away from her due to an unsubstantiated allegation. What Ms. Hinds-Williams experienced smacks of McCarthyism in that she is adjudged guilty merely by being accused.

The facts of this response coupled with what is stated in the petition, we assert, gives this Honorable Court ample justification to provide injunctive relief that will prevent her from being unfairly removed from the United States of America and we humbly request for that relief to be provided and strongly urge this Court not to dismiss this action.

CHERRYANNE HINDS-WILLIAMS,
By her attorney,

John Himmelstein
P.O. Box 300
756 Washington Street
Stoughton, MA 02072
(781)297-9400
BBO #547275

JOHN HIMMELSTEIN, ESQ.
P.O. BOX 300
756 WASHINGTON STREET
STOUGHTON, MA 02072
(781)297-9400



FILED
CLERKS OFFICE

2004 JUL 21  P 3: 55

U.S. DISTRICT COURT
DISTRICT OF MASS

JULY 19, 2004

CLERK FOR THE HONORABLE DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT COURT
JOHN JOSEPH MOAKLEY U.S. COURTHOUSE
ONE COURTHOUSE WAY
BOSTON, MA 02210
RE: CHERRYANNE HINDS-WILLIAMS VS. INS
    #04-11295-DPW

Dear Sir or Madam,

As you know, this office represents Cherryanne Hinds-Williams in the above-captioned matter. Enclosed please find a response to the Memorandum and Order dated June 16, 2004.

Please file and handle in your usual manner.

Very truly yours,

John Himmelstein

CERTIFICATE OF SERVICE
Undersigned counsel certifies that he has served the attached pleading on the Immigration and Naturalization Service by mailing a copy of same, postage prepaid, to Assistant United States Attorney Frank Crowley, United States Department of Homeland Security, Immigration and Customs, 425 John F. Kennedy federal Building, Box 8728, Boston, MA 02114.