```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


CHERRYANNE HINDS-WILLIAMS,    )
     Petitioner,              )    CIVIL ACTION NO.
                              )    04-11295-DPW
          v.                  )
                              )
INS,                          )
     Respondent.              )
```

## MEMORANDUM AND ORDER
December 20, 2004

The petitioner's counsel in this proceeding, styled by him as a "habeas corpus petition/appeal from INS ruling," has responded with a superficial one and one-half page submission to my Memorandum and Order of June 16, 2004 directing petitioner to demonstrate good cause why this action should not be dismissed on grounds of lack of subject matter jurisdiction. In the June 16 Memorandum and Order I identified two jurisdictional problems: first, that the petitioner did not appear to meet the "in custody" requirement for maintaining habeas corpus proceedings and second, that review of the substance of immigration disputes regarding removal is generally directed by statute to the Court of Appeals. Finding that petitioner does not meet the custody requirement, I will dismiss this action while noting, see Note 2 infra, the statutory allocation of decision making among federal courts also supports dismissal.

In his submission, petitioner's counsel concedes that the

petitioner "is living with her family in the Dorchester neighborhood of Boston" but adds she has an open removal order pending against her. Contending that this circumstance satisfies the "custody" requirement, he cites to a case referenced by me in my June 16, 2004 Memorandum and Order, Omosefunmi v. Attorney General of Com. of Massachusetts, 152 F.Supp.2d 42 (D. Mass. 2001). I had cited Omosefunmi as exemplary of the general proposition that "custody" need not involve actual physical custody but rather the continuing effect of a criminal judgment. Petitioner's counsel cites the case for the specific proposition that "[a]s long as active removal is in place [under which] the government is in effect 'actively attempting' to deport petitioner" the custody requirement is met. That is a misreading of Omosefunmi as applied to the particulars of this case.

In Omosefunmi, a defendant alleged that he was in custody for purposes of a state criminal conviction because he was subject to an immigration detainer lodged "as a result of" that state conviction. Id. at 52. The response of petitioner's counsel before me demonstrates no such custodial situation here, even under the broadest reading of the term "custody." The custody which this petitioner must demonstrate is that of the immigration authorities[1] and not that of a state criminal justice

---

[1] The petitioner's counsel, who is a frequent litigator in this court on immigration matters, inexplicably identifies the respondent in the cover sheet opening this case on June 14, 2004 as the "Immigration and Naturalization Service." The INS ceased

authority.  No immigration custody is involved here where, from all that appears, there is not even an immigration warrant outstanding to take petitioner into custody, let alone enlargement on bail.

Consequently, the petitioner's response having failed to show cause why this petition should not be dismissed for failure to demonstrate the "custody" necessary (although not sufficient)[2] for this court to exercise habeas corpus jurisdiction over this

---

to exist in 2003, as the First Circuit has repeatedly noted in immigration law opinions preceding the erroneously styled action now before me.  See Disu v. Ashcroft, 338 F.3d 13, 16 n.3 (1st Cir. 2003) (noting that "[t]he Homeland Security Act of 2002 dissolved the INS and transferred its functions into the Department of Homeland Security ('DHS') effective March 1, 2003"); Khalil v. Ashcroft, 370 F.3d 176, 178 n.1 (1st Cir. 2004) (same); Neverson v. Farquharson, 366 F.3d 32, 35 n.2 (1st Cir. 2004) (same); Qin v. Ashcroft, 360 F.3d 302, 303 n.2 (1st Cir. 2004) (same).  The former INS responsibilities for immigration matters were assumed by agencies within the Department of Homeland Security.  The petitioner's misidentification of the respondent, in addition to indicating a lack of familiarity with relevant government responsibilities in this area of the law, underscores the lack of an identifiable "custodian" who could take cognizable action in response to a writ of habeas corpus.

    [2]The response of petitioner's counsel is for the most part uninformative and gives no indication why this matter was filed in this court rather than in the Court of Appeals which is the statutory venue for review of removal disputes.  The response states that "[u]nfortunately for the petitioner her timely appeal [of the immigration judge's removal order] with the Board of Immigration Appeals was denied" and that "[s]he has exhausted all recourse with the Immigration and Naturalization Service."  But, no information is given regarding a timely effort at judicial review.  The failure to file a timely appeal from a BIA decision in the proper judicial forum, of course, does not confer habeas corpus jurisdiction in this court for pursuit by petitioner of "a claim that [s]he could have, but did not, press on statutory direct review." Cf. Rivera-Martinez v. Ashcroft, 2004 WL 2474417, at *2 (1st Cir. Nov. 4, 2004).

removal dispute, I hereby direct the Clerk to dismiss this action.

                                        /s/ Douglas P. Woodlock
                                      _____
                                        DOUGLAS P. WOODLOCK
                                        UNITED STATES DISTRICT JUDGE